IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE J. LEVERT-HILL, | ) | CASE NO. 1:25-CV-02677 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| GLICK DENTAL ASSOC. INC., *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Billie J. Levert-Hill filed this action against Glick Dental Associates, Inc. ("Glick Dental"), Dentist Chris Gebbia, and Office Manager "Elizabeth" Doe. In the Complaint, Plaintiff alleges she was scheduled for oral surgery and took the prescribed pre-operative medications only to be turned away on the day of the surgery due to an insurance issue. She does not identify any legal claims; however, she indicates that she "brings her complaint based upon Malpractice and Financial and Emotional Distress." (R. 1 at PageID #: 3). She also states that she believes her treatment was due to: "(1) the fact that she was a Medicare and Medicaid recipient; (2) racial profiling; and (3) the office's own billing negligence with her insurance company, Aetna." (*Id.* at PageID #: 4). She seeks $ 1,000,000,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (R. 2). That Application is granted, but this case is dismissed for the following reasons.

I. **Background**

Plaintiff alleges she was scheduled to have two surgical implants performed by one of the dentists at Glick Dental on December 10, 2024. She contends that on December 9, 2024, she received a call from Glick Dental Office employee, "Cathy," instructing her to pick up medication sent to her pharmacy and instructing her to take the medication thirty minutes prior to her arrival on December 10. Plaintiff indicates that the medication consisted of two tablets of Valium (10 mg each), and one Percocet.

Plaintiff claims she took the medications, and then drove from East Cleveland to Solon for the appointment. While she was driving, she began to feel very sick and telephoned the office. She states she spoke with Cathy who told her that if she did not show up for the appointment, she would be charged a substantial cancellation fee.

Plaintiff indicates that upon her arrival at the office, Cathy escorted her to a procedure room and began to administer nitrous oxide anesthesia. She contends that she was in the room for approximately ten minutes when Office Manager, "Elizabeth" Doe, entered the room and instructed Cathy to remove the nitrous oxide from Plaintiff's face, stating she needed to speak with her. Plaintiff does not provide many details about this conversation. She states only that Elizabeth told her that she would have to leave immediately.

Plaintiff stated that she pleaded to be given time to call for a ride or to allow the effects of the medications to wear off, but her requests were denied. She claims Elizabeth threatened to call the police if she did not leave. She contends a man walked her to her car and insisted that she leave the shopping center parking lot before police were called. She spoke with Dr. Gebbia on her cellphone. She states that the doctor refused her plea to be permitted to regain her senses from the medication and told her to leave, adding that she was not welcome back there again.

She alleges that she was forced to drive home to East Cleveland while under the influence of Valium, Percocet, and nitrous oxide. She contends she later learned that Aetna had denied the claim "due to Defendant Glick's office's negligent billing practices." (R. 1 at PageID #: 4). It is not clear, however, if that was the reason Plaintiff was asked to leave the premises and not return.

Plaintiff does not specify the legal claims she intends to assert in this case. She alleges that she is basing her Complaint on "malpractice and financial and emotional distress." (*Id.* at PageID #: 3). She also speculates that her treatment was due to the fact that she is a recipient of Medicare and Medicaid, that the Defendants engaged in racial profiling, and that Defendants were negligent in billing her insurance company. She states generally that:

> Physicians and hospitals have a duty to practice fairly, ensuring the healthcare resources are used equitably and that care is provided without bias based upon characteristics such as …race, gender, or social standing. These principles require doctor's offices and physicians to advocate for their patient's well-being and rights. The Defendants jointly and severally intentionally, recklessly, or negligently failed the Plaintiff and failed to provide adequate and appropriate care that would be exercised by a reasonably prudent, skilled and capable dental facility and employees under the same or similar circumstances.

(*Id.* at PageID #5). She seeks monetary damages for this alleged conduct.

## II.    Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

3

when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

This Complaint fails to establish a basis for federal court subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

4

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that she is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff indicates that she lives in East Cleveland, Ohio while the Defendants' dental office is in Solon, Ohio. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that Plaintiff and Defendants are all citizens of Ohio. Consequently, federal subject matter jurisdiction cannot be based on diversity of citizenship.

Therefore if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to

the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475.

Here, Plaintiff has not identified any true claims in her Complaint. She states her Complaint is based on as "Malpractice and Financial and Emotional Distress." She also includes language of  negligent billing, and intentionally, recklessly or negligently failing to provide adequate care.  All of these statements *suggest* she is attempting to assert tort claims arising under state law, but her allegations fall short of being cognizable.

Similarly, she mentions "racial profiling" and makes a general statement that healthcare providers have a duty of care that should not be based on "characteristics such as…race, gender, or social standing." But she does not allege any facts to suggest that her race or gender or social standing was a motivating factor in any of the events that occurred, nor does she identify a legal claim she may be attempting to assert. In fact, the Court would be left to guess at critical information such as Plaintiff's race, or why she believes her race, or gender, was a factor in her treatment in order to try to construe a claim.

More importantly, the burden remains with Plaintiff to establish subject matter jurisdiction. The only explanation Plaintiff gives the Court for the Defendant's behavior is that her insurance company denied coverage due to billing practices at Glick Dental. Plaintiff does not mention Medicaid or Medicare in any of her allegations, leaving the Court to guess at whether - or how - these programs had any involvement in Defendants' actions. It is not the role of the Court to conjure up any possible, but unpled, claim and then proceed to test each of those

claims for legal viability.

Even with liberal construction, Plaintiff has failed to identify a federal question she intends to assert in this case and the Court is unable to infer one from the limited facts and assertions in the Complaint.

### III. Conclusion

Therefore, this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) because Plaintiff fails to state a claim upon which relief may be granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: February 10, 2026        s/ *David A. Ruiz*
                               DAVID A. RUIZ
                               U.S. DISTRICT JUDGE